**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Aquileo AYALA–FLORES, Defendant–Appellant.**

No. 05–40741
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 3, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

On January 8, 2006, the Supreme Court vacated our judgment in this case and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

remanded the case to this court for further consideration in light of *Lopez v. Gonzales*.[1] The defendant has served his term of imprisonment and has been deported, but he remains subject to a term of supervised release. Our disposition of this appeal is governed by this circuit's binding precedent in *United States v. Rosenbaum–Alanis*.[2]

Because the defendant remains subject to a term of supervised release, however, he may still seek modification of the term of supervised release under 18 U.S.C. § 3583(e), which does not require his presence. We therefore DISMISS this appeal without prejudice to the defendant's right to seek a modification of his term of supervised release.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. — U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).

2. 483 F.3d 381 (5th Cir.2007).